UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No: 1:12-CR-104 |
| v. ) | |
| ) | |
| BARBARA LANG ) | Judge Curtis L. Collier |
| ) | |

**MEMORANDUM & PRELIMINARY ORDER ON FORFEITURE**

Before the Court is the Government's notice of requested forfeiture (Court File No. 554). Defendant filed a notice objecting to the requested forfeiture. The Government seeks forfeiture of seven items. For the reasons set forth below, the Court finds six of these eight items are forfeitable.

**I.      BACKGROUND**

This notice follows a jury trial in which the jury heard evidence that Defendants Barbara Lang and Faith Blake opened a pain management clinic known as Superior One Medical Clinic ("Superior One") in Chattanooga, Tennessee. After Superior One closed in July 2011, Defendant Lang operated Primary Care and Pain Clinic ("Primary Care") from August 2011 through September 2011.

The following conditions were observed at one or all of the clinics. Many patients were addicted to controlled substances and subscriptions were routinely written for controlled substances without a legitimate medical purpose and outside the scope of professional practice. The Government presented testimony from several of these witnesses, who admitted that they were addicts. The Government presented expert testimony tending to demonstrate that the

clinics' procedures were not run according to the standards of legitimate medical practice. As the clinics developed a reputation as a place where substances were easily obtained, patients began to travel great distances to be seen at the clinics and sometimes waited in excess of 8 hours to be seen. Drugs were used, abused, and distributed by patients in the parking lot. Witnesses testified that staff occasionally received cash bribes to ensure that patients were seen more quickly. Superior One and Primary Care operated as cash only businesses. Patients were required to pay in cash and the employees of the clinics were paid in cash.

Between September 7, 2011 and December 9, 2011, Defendant Lang made twenty-two cash deposits at the First Tennessee Bank, all below $10,000. Ten times during this period she made deposits twice in one day. Had she not separated the cash into these separate transactions, the total deposit would have exceeded $10,000. The Government also presented evidence that on September 12, 2011 Defendant asked a bank teller about the reporting requirement and proceeded to ask for some of her deposit back to make sure her deposit did not exceed $10,000. She returned with that money to deposit it the next day.

On the basis of this evidence, the jury found Defendant guilty of two counts of conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C) and (E), five counts of maintaining a premises for the purpose of unlawfully distributing a controlled substance in violation of 21 U.S.C. § 856, and fourteen counts of knowingly seeking to evade the currency reporting requirements of 31 U.S.C. § 5313(a) (Jury Verdict, Court File No. 549).

II.     STANDARD OF REVIEW

Criminal forfeiture is part of a defendant's sentence after conviction for the substantive

2

Case 1:12-cr-00104-CLC-CHS   Document 638   Filed 07/10/15   Page 2 of 8   PageID #: 7495

criminal offense. *Libretti v. United States*, 516 U.S. 29, 39 (1995). As such, criminal forfeiture is imposed on a preponderance of the evidence standard rather than beyond a reasonable doubt. *United States v. Hall*, 411 F.3d 651, 654–55 (6th Cir. 2005). Following a jury trial, either the Defendant or the Government may retain the jury to make the forfeiture determinations or the parties may waive that right and allow the court to make the determination. Fed. R. Crim P. 32.2(b)(5).

Forfeiture is subject to the Eighth Amendment's Excessive Fines Clause and the principle of proportionality: "The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998). "A forfeiture order is considered unconstitutional 'if it is grossly disproportional to the gravity of a defendant's offense.'" *United States v. Droganes*, 728 F.3d 580, 591 (6th Cir. 2013) (quoting *Bajakajian*, 524 U.S. at 334).

### III. DISCUSSION

The Government seeks forfeiture of eight items. The Government seeks forfeiture of the first seven items under 21 U.S.C. § 853 which allows for the forfeiture of: "(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation." 21 U.S.C. § 853(a). The Government also seeks a monetary judgment against the Defendant pursuant to 31 U.S.C. § 5317 as traceable to the Defendant's structuring convictions.

As to four of the items (Items One, Two, Three, and Seven), the parties agree that they are proceeds of Superior One or Primary Care Pain Clinic, but Defendant argues that the

3

evidence did not show that Primary Care was a wholly illegitimate enterprise and so the Court should not order forfeiture of the entirety of the proceeds. As the Court noted during trial and found in its order denying Defendant's motion for a new trial (Court File No. 634 at 15–16) the evidence preponderates in favor of the Court finding that Primary Care was an unindicted coconspirator in Defendant's criminal offenses. The evidence presented at trial demonstrated that the vast majority of the clinics' business came from illegitimate prescriptions. The Court thus finds that these profits constitute proceeds Defendant obtained as a result of the Primary Care conspiracy and the forfeiture of the entirety of these proceeds is warranted.

As to Item Four, $5,095.30 seized from Bank of America account in the name of Barbara Langford, Defendant asserts that there is no evidence linking this money with either of the Clinics or in any other way demonstrating the source of these funds. The Government asserts that these funds represent the proceeds from Primary Care Pain Clinic, but it does not point to any evidence for that assertion (Court File No. 554). According to 21 U.S.C. § 853(d), if the government can show that the proceeds were acquired during the period of violation and there is no other likely source, there is a rebuttable presumption that the property is subject to forfeiture. But, because the Government has not established when the property was acquired, the rebuttable presumption does not apply. The Court will thus decline to impose forfeiture of the $5,095.30 seized from Bank of America account #xxx1421, in the name of Barbara Langford.

Item Five is the 2001 Jaguar XJ8, VIN SAJDA24C51LF25400 which Defendant can be seen driving to Superior One clinic in surveillance footage shown at trial. Bank records and testimony at trial demonstrated that repairs to the car were paid for out of the Primary Care business account. On this basis, the car is forfeitable because it was used to facilitate the

4

commission of the drug offenses for which Defendant was convicted.

Item Six is a money judgment in the amount of $2,000,000 representing the estimated income of Superior One during its operation. The Government's expert calculated this income based on an average of 7 customers per day paying of fee of $270 each for an estimated 130 days in operation. Defendant argues that the evidence did not show that she controlled the money paid into Superior One. Several courts have concluded, and this Court agrees, that 21 U.S.C. § 853 imposes joint and several liability with respect to forfeiture for the proceeds of a drug conspiracy. *See United States v. Logan*, 542 F. App'x 484, 498–99 (6th Cir. 2013) (noting that while the Sixth Circuit has not addressed this issue, courts that have, have decided that joint and several liability is proper) (citing *United States v. Roberts*, 660 F.3d 149, 165 (2d Cir. 2011), *United States v. Van Nguyen*, 602 F.3d 886, 904 (8th Cir.2010); *United States v. Pitt*, 193 F.3d 751, 765 (3d Cir. 1999)); *see also United States v. McHan*, 101 F.3d 1027, 1043 (4th Cir. 1996). The jury expressly convicted Defendant of the Superior One conspiracy in Count One of the Indictment and there was ample evidence that the vast majority of the clinic's patients were illegitimate. The Court thus finds that these profits constitute proceeds of the Superior One conspiracy and the forfeiture of the entirety of these proceeds is warranted.

Finally, Item Eight represents the money traceable to Defendant's structuring convictions pursuant to 31 U.S.C. § 5317. Defendant agrees with the Government's math but argues that adding this total to the drug forfeiture amounts would result in double counting. The Court agrees that the evidence tends to show that the money involved in the structuring offenses was likely the profits from the clinics. In light of the money judgments imposed above, the Court will decline to impose an additional money judgment based on the structuring counts to avoid

5

double counting this property.

Accordingly, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED**:

1. That based upon the jury's verdict and the Court's findings as set out above, the United States is entitled to the forfeiture of the following properties pursuant to 21 U.S.C. § 853, 31 U.S.C. § 5317 and Fed. R. Crim. P. 32.2:

    a) $234,333 in cash found in a safe in the defendant's residence and seized on June 19, 2012.

    b) $267,595.22 seized from Bank of America account #xxx6400, in the name of Primary Care and Pain Clinic, Inc., property of Barbara Lang and Charles Larmore.

    c) $5,348.64 seized from Bank of America account #xxx6413, in the name of Primary Care and Pain Clinic, Inc., property of Barbara Lang and Charles Larmore.

    d) A 2001 Jaguar XJ8, VIN SAJDA24C51LF25400, seized from the defendant at her residence on June 19, 2012.

    e) A money judgment in the amount of $2,000,000 representing the income generated by Superior One.

    f) A money judgment in the amount of $2,000,000 representing the income generated by Primary Care.

2. That the Forfeited properties shall be held by the United States Marshals Service or the designated agency, in its secure custody or control.

3. That pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, the United States shall give notice of its intent to dispose of the forfeited properties in such a manner as the United States Attorney General may direct. The

notice shall provide that any person other than the defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within sixty (60) days from the first day of publication of this Notice on the official United States Government internet website, which is www.forfeiture.gov.

4. The notice shall also state that the petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title and interest in the forfeited properties, the time and circumstances of the petitioner's acquisition of the right, title and interest in the properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person, as a substitute for published notice as to those persons so notified.

5. That upon adjudication of all other or third-party interests in the property, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n)(7), in which all interests will be addressed.

6. That the Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e), Federal Rules of Criminal Procedure.

7. That the Clerk of this Court shall provide a certified copy of this order to the United States Marshals Service, Knoxville, Tennessee and to the United States Attorney's Office, Chattanooga, Tennessee.

**SO ORDERED**.

**ENTER**:

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**